MATTHEW D. MORAN (SBN 197075)
Email: mmoran@roll.com
MICHAEL JAVAHERI (SBN249815)
Email: mjavaheri@roll.com
**ROLL LAW GROUP P.C.**
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810

Attorneys for Plaintiff
POM WONDERFUL LLC

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK (Bar No. 227298), mkenefick@jmbm.com
WHITNEY E. FAIR (Bar No. 280713), wef@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Yelda Bartlett, Esq. (Bar No. 249294), yelda@bartlettfirm.com
BARTLETT LAW FIRM
1939 Harrison Street
9th Floor, Suite 921
Oakland, CA 94612
(510) 318-6313 Tel
(510) 318-6314 Fax

Attorneys for Defendant
GÖKNUR GIDA MADDELERI ENERJI İMALAT İTHALAT İHRACAT TICARET VE SANAYI A.Ş. (D/B/A GÖKNUR FOODSTUFFS IMPORT EXPORT TRADING AND PRODUCTION COMPANY)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POM WONDERFUL LLC, a Delaware limited liability company,

Plaintiff,

vs.

GIDAMADDELERIITH. IHR. TIC. SAN. A.S, dba GOKNUR FOODSTUFFS IMPORT EXPORT TRADING AND PRODUCTION COMPANY, a Turkish Company, and DOES 1-10 inclusive,

Defendant.

Case No. CV 11-9249 SJO (FFMx)

Assigned to Hon. S. James Otero

**STIPULATION RE [~~PROPOSED~~] CONFIDENTIALITY ORDER**

The parties have stipulated to a Confidentiality Order as follows:

**A. LIMITED SCOPE OF ORDER**

1. In the above-captioned action (the "Action"), the parties expect to exchange confidential and highly confidential information regarding the business of both plaintiff POM Wonderful LLC's ("POM" or "Plaintiff") and defendant Göknur Gida Maddeleri Erneji Im. Ith. Ihr. Tic. San. A. Ş.'s (d/b/a Göknur Foodstuffs Import Expert Trading And Production Company)("Göknur" or "Defendant"). POM and Göknur have stipulated to the entry of this confidentiality order (the "Order") governing the exchange and use of confidential and highly confidential documents and information in discovery. This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever. Any use of "Confidential" or "Highly Confidential" materials at trial shall be governed by the orders of the trial judge. This Order does not govern the use of "Confidential" or "Highly Confidential" materials at trial. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2. Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that are filed in the court records in this case. A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards set forth in *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010)

and other relevant authority. In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

3. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material lawfully obtained by such party independent of discovery in this Action, whether or not such material is also obtained through discovery in this Action, or from the use or disclosure of information that is publicly known prior to its disclosure in this Action. Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

**B. GOOD CAUSE STATEMENT**

4. In discovery in this case, POM and Göknur may be required to exchange sensitive information about their business activities to which the other party and third parties would not otherwise have access, potentially including information regarding its forward-looking plans and strategies, and analyses of competitive markets. Allowing the receiving party or third parties to use such sensitive information would cause harm to the market (and potentially competitive) position of the disclosing party. The parties seek the entry of this Order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this Action.

5. No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the standards set forth in *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) and other relevant authority. Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

(a) confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies;

the development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party.

(b) financial information beyond that disclosed in sources available to the public.

(c) results of research, studies or other complex analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors. This category includes, among other things, consumer research studies that the parties commissioned at considerable expense from third parties, complex market analyses provided by third parties under contracts with non-disclosure clauses, and analyses of other competitors in the market.

(d) terms of contracts with the companies' suppliers, distributors, brokers or customers that could be used by current or potential competitors in their own negotiations with suppliers, distributors, brokers or customers.

(e) specific proprietary product formulas or proprietary manufacturing processes.

(f) product concepts in development that have not been launched into the market.

6. Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

(a) the information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal information in categories set forth in paragraph 5(a) to (f) above;

(b) private information about any party, officer, employee or other individual;

(c) commercially sensitive information regarding the development, production, marketing, branding, pricing, sales or promotion of the entity's products, the disclosure of which would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

7. The parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

8. This Order applies to such "Confidential" and "Highly Confidential" information furnished in this Action regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third party during this Action. Such materials are collectively referred to as "Discovery Materials" in this Order. The protections conferred by this Order cover not only any Discovery Materials that are designated as "Confidential" or "Highly Confidential" (collectively, "Protected Material"), but also (a) any information copied or extracted from Protected Material; (b) all copies, extracts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material.

9. All counsel for Plaintiff and Defendant (except for Roll Law Group P.C.; Jeffer Mangels Butler & Mitchell, LLP and The Barlett Law Firm), shall sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A. Signature by one attorney of a law firm shall be sufficient to bind all attorneys of that law firm to the terms of this Order. Notwithstanding any other provision of this Order, including, without limitation, paragraphs 13(b) and 14(a), no Discovery Materials may be disclosed to counsel for the parties (except for

those identified in this paragraph) unless and until they have signed Exhibit A and provided a copy to the opposing party's counsel.

**C. PROCEDURE FOR DESIGNATION**

10. Any party to the Action or other person or entity (including non-parties) that provides any Discovery Materials in this Action ("Designating Party") may designate such Discovery Materials "Confidential" or "Highly Confidential" meeting the standards set forth in paragraphs 5 and 6 by taking the following actions:

(a) With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as .tiff images, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Confidential Information the words "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." The Designating Party may designate the material "Highly Confidential" by marking each page of the document with the words "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." Electronic documents produced as .tiff images. or .pdf documents shall be marked in accordance with this paragraph 10(a).

(b) With respect to "Confidential" or "Highly Confidential" information furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate all information therein as "Confidential" or "Highly Confidential" by affixing the appropriate legend to the outside of the medium or container.

11. With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" or "Highly Confidential" by making a statement on the record to

that effect during the deposition or proceeding at issue. The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits. The separately bound deposition material shall be marked in accordance with its designation, as either "CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER." Alternatively, the Designating Party may designate the entire deposition as "Confidential" or "Highly Confidential" at the commencement of the deposition, and within a reasonable time not to exceed twenty-one (21) days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

**D. USE AND DISCLOSURE OF DESIGNATED MATERIAL**

12. Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own "Confidential" or "Highly Confidential" information for whatever purposes it chooses. A party using, disseminating or distributing "Confidential" or "Highly Confidential" information for any purpose other than for use in connection with this Action may be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, in the Court's discretion), as well as being potentially subject to any disciplinary or other applicable legal proceedings.

13. Information and materials designated "CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER" may only be disclosed to the following individuals:

(a) The recipient party and officers, directors and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the Action;

(b) Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(c) Court staff, court reporters and videographers involved in this litigation;

(d) Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

(e) Third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material outside the context of this Action; or (2) the third party or witness is or was an employee, consultant, or agent of the Designating Party; or (3) before disclosure of the "Confidential Information" counsel for the parties agree the "Confidential Information" may be shown to the deponent; or (4) the Court has determined that the "Confidential Information" may be shown to the deponent in ruling on a party's objection pursuant to Central District Local Rule 37. Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A. This requirement for party agreement or Court determination does not apply to expert witnesses or consultants.

14. Information and materials designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER" may only be disclosed to:

(a) Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(b) Paralegal or clerical staff employed directly by the parties who provide support to the litigation counsel described in subparagraph (a), so long as the staff member has not had, does not have, and does not anticipate having any role whatsoever in supporting or assisting any person with any involvement whatsoever in the parties' business decision making, including but not limited to decisions regarding contracts, marketing, employment, pricing, product development, competition or other business decisions;

(c) Court staff, court reporters and videographers involved in this litigation;

(d) Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A; *provided, however*, that: (i) if the consultants or experts are (a) current employees or consultants of a direct competitor of POM, or (b) have a present intent to become one ("POM Competitor Experts"), Göknur shall disclose to POM such person's relationship with the direct competitor before sharing any information covered by this Paragraph 14; and (ii) if the consultants or experts are (a) current employees or consultants of a direct competitor of Göknur, or (b) have a present intent to become one ("Göknur Competitor Experts"), POM shall disclose to Göknur such person's relationship with the direct competitor before sharing any information covered by this Paragraph 14. POM and Göknur shall then have

fourteen (14) days to object, meet and confer, and seek an appropriate court order.

(e) Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material outside the context of this Action; or (2) the third party or witness is or was an employee, consultant, or agent of the Designating Party; or (3) before disclosure of the "Highly Confidential Information" counsel for the parties agree the "Highly Confidential Information" may be shown to the deponent; or (4) the Court has determined that the "Highly Confidential Information" may be shown to the deponent in ruling on a party's objection pursuant to Central District Local Rule 37. Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A. This requirement for party agreement or Court determination does not apply to expert witnesses or consultants of the non-designating party, except for POM Competitor Experts and Göknur Competitor Experts.

15. No person or entity receiving "Confidential" information shall discuss, disseminate, or disclose the "Confidential" information to any person or entity not listed above in paragraph 13. No person or entity receiving "Highly Confidential" information shall discuss, disseminate, or disclose the "Highly Confidential" information to any person or entity not listed above in paragraph 14. Any person or entity receiving "Confidential" or "Highly Confidential" information shall take measures available to him or her to ensure that no unauthorized person or entity is able to obtain access to the "Confidential" or "Highly Confidential" information. The provisions of this paragraph, however, do not apply to the Court or to Court personnel.

16. Nothing in this Order affects or limits the producing party's use of its own "Confidential" or "Highly Confidential" information or "Confidential" or "Highly Confidential" information it has created, lawfully possessed or independently generated or discovered, regardless of whether the information is thereafter designated as "CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER."

**E. FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS**

17. The parties shall comply with the Hon. S. James Otero's Initial Standing Order (dated 10-16-13) for filing "Confidential" or "Highly Confidential" information with the Court in any pre-trial proceeding in this Action. If a party seeks to file with the Court material that another party has designated "Confidential" or "Highly Confidential" under this Order, the party filing the document (the "Filing Party") must give the party that designated the material "Confidential" or "Highly Confidential" (the "Designating Party") at least seven (7) calendar days' notice, informing the Designating Party which specific documents or information the Filing Party intends to file with the Court and the date of the anticipated filing. No fewer than four (4) calendar days prior to the anticipated filing, the Designating Party must inform the Filing Party which of the identified material it intends to move to seal. If the Designating Party wishes to seal certain information, it must file an application to seal on or before the date the Filing Party files the document containing the confidential information. This subsection applies to any noticed motion or opposition to a noticed motion.

18. A party filing any document other than a noticed motion or opposition to a noticed motion need not inform the Designating Party which material it intends to file with the Court. If a Filing Party files a document other

than a noticed motion or opposition to a noticed motion that includes information another party has designated "Confidential" or "Highly Confidential," the Filing Party must redact all of the other party's "Confidential" or "Highly Confidential" information from the publicly-available version and lodge conditionally under seal unredacted copies with the Court. If the Designating Party seeks to have any of the information sealed, it must file an application to seal within four (4) calendar days.

19. When seeking the Court's approval for an under seal filing, the Filing Party shall electronically file an Ex Parte Application to Seal and proposed Order through the Court's CM/ECF System pursuant to L.R. 5-4. The Ex Parte Application and proposed Order shall not contain the information the party seeks to file under seal. The party seeking permission to file under seal shall submit to the Court's generic e-mail address (sjo_chambers@cacd.uscourts.gov) PDF versions of the Ex Parte Application, proposed Order, Declaration in Support of Ex Parte Application stating the reason for the under seal filing, and the document(s) and/or exhibit(s) the party seeks to file under seal. The party shall also submit a Word or WordPerfect version of the proposed Order to the generic chambers e-mail address. Unless otherwise ordered by the Court, the submitting party shall deliver a Mandatory Chambers Copy of the Ex Parte Application, proposed Order, Declaration in Support of Ex Parte Application, and the document(s) and/or exhibit(s) the party seeks to file under seal to the Court's courtesy copy box outside chambers no later than 12:00 p.m. on the following business day. The terms of this paragraph do not apply to in camera submissions.

20. For each individual document or piece of information a party wishes to seal, the application to seal must explain why good cause (in the case of a non-case-dispositive motion) or compelling reasons (in the case of a case-dispositive document or information included in the operative complaint) exist to seal that particular document or piece of information. Conclusory statements—such as that the information contains "confidential, sensitive financial information"—are

insufficient to establish good cause or compelling reasons. For each individual document, the party applying to seal the document must explain what adverse consequences would occur if the document were made public.

**F. CHALLENGES TO DESIGNATION**

21. A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order under the procedures set forth in Local Rules 37-1 through 37-4. If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through 37-4.

22. This Order is without waiver of or prejudice to, and specifically reserves the rights and remedies of any party to apply in writing to the Court for a determination, for good cause shown, that: (a) persons not provided for in this Order may or may not receive "Confidential" or "Highly Confidential" information; or (b) this Order be modified or vacated. Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rule.

**G. SUBPOENA IN ANOTHER ACTION**

23. In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall promptly, within five (5) business days:

(a) notify, in writing, the attorneys of record of the Designating Party;

(b) notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all parties to the litigation;

(c) furnish all persons notified pursuant to subsections a and b, above, a copy of the subpoena or other process or order; and

(d) provide reasonable cooperation with respect to all procedures set forth in the Order for the protection of the "Confidential" or "Highly Confidential" information.

24. If after receiving the notification set forth in paragraph 21 the Designating Party desires to prevent or limit the requested production of "Confidential" or "Highly Confidential" information, it will be the responsibility of the Designating Party to move to quash or modify the subpoena, or otherwise resolve the issue with the subpoenaing party.

**H. TERM OF ORDER**

25. All materials, including copies, containing information designated as "Confidential" or "Highly Confidential" information shall be returned to the Designating Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period: Within sixty (60) days after final termination of this Action and all transferred actions either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by any of the parties. Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

26. Regardless of any other provision of this Order, one (1) copy of all pleadings filed in the Action may be retained by counsel of record for each party, and shall be sealed, designated and stored as **"Confidential or Highly Confidential Information Pursuant to Court Order"** and shall remain subject to the terms of this Order.

27. The designation of any information, documents, or things as "Confidential" or "Highly Confidential" information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information,

documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Order shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Order expressly reserve their rights to object to the manner in which "Confidential" or "Highly Confidential" information may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future, in compliance with any applicable rules and orders.

**I. NO WAIVER**

28. Neither the existence of this Order nor the disclosure of "Confidential" or "Highly Confidential" information pursuant to discovery or the procedures set forth in this Order shall constitute a waiver of any trade secret or any intellectual property, proprietary, privacy or other rights to or in such information. Further, by stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any permissible ground, including relevance.

29. Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this Action shall not constitute a waiver of any valid claim of privilege in this litigation or in any other Federal or State court proceeding. Further, failure to assert a privilege in this Action as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the producing party seeks to use or rely upon the privileged material in this Action.

30. A party that discovers that it has inadvertently produced privileged information shall promptly request its return. A party that knows or believes it has inadvertently received privileged materials from a producing party must immediately notify opposing counsel by telephone and email. Regardless of whether the disclosure of privileged information is discovered by the producing party or the receiving party, it is agreed that the person who discovers the potentially privileged information will not share the document or its contents with other persons, and that the party that has in its possession any inadvertently produced privileged information shall comply with the requirements in Federal Rule of Civil Procedure 26(b)(5)(B).

**J. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

31. (a) The terms of this Order are applicable to information produced by a non-party in this Action and designated as "Confidential" or "Highly Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

(i) promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(ii) promptly provide the non-party with a copy of the stipulated protective Order in this Action, the relevant discovery request(s), and a

reasonably specific description of the information requested; and (iii) make the information requested available for inspection by the non-party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may, but is not required to, produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.

It is so stipulated.

**IT IS SO ORDERED**.

Dated: February 26, 2015

/S/ FREDERICK F. MUMM
Hon. Frederick F. Mumm
United States Magistrate Judge

# PROTECTIVE ORDER EXHIBIT A

My name is ___________________________.

I work for ____________________________________________________.

My business contact information is:

_______________________________________________

_______________________________________________

_______________________________________________

I have read the attached Stipulated Confidentiality Order ("Order") entered by the Court in the matter of **POM WONDERFUL LLC V. GIDAMADDELERIITH. IHR. TIC. SAN. A.S, dbaGöKNUR FOODSTUFFS IMPORT EXPORT TRADING AND PRODUCTION COMPANY**, United States District Court, Central District of California, No.: CV11-09249-SJO (FFMx)

I understand the responsibilities and obligations the Order imposes upon me regarding "**Confidential"** or "**Highly Confidential"** information I obtain in this action.

I agree to be bound by all of the provisions of the Order.

I certify that (strike the inaccurate sections of this clause, if any):

I did not receive any "Confidential" or "Highly Confidential" information before signing this Exhibit A;

I meet all requirements for receipt of information and other material designated as "Confidential" or "Highly Confidential" information, pursuant to the Order;

I am not directly employed by any party to this action;

I am not under contract with any party to this action for any purpose other than this action.

I have received a copy of the Order, including an executed copy of this Exhibit A, for my personal use and reference.

I understand that the Court in this matter has the power to enforce the Order, including but not limited to imposing penalties and/or sanctions on anyone who violates the Order.

I agree to submit to the jurisdiction of the United States District Court, Central District of California in matters relating to this Order.

Signature: _______________________________

Date: ______________________

Print Name: ________________________